El Juez Asociado Señor Torres Rigual no intervino.

VICTORIA TORRES REYES, demandante y recurrente, *v.* ANTONIO ROBLES ESTRADA, demandado y recurrido.

*Número:* R-84-383 *Resuelto:* 31 de octubre de 1984

*Wilfredo Morales Rodríguez*, abogado de la recurrente; la otra parte no compareció.

PER CURIAM: Don Antonio Robles Estrada, demandado recurrido, estuvo casado durante treinta y dos años con doña Victoria Torres Reyes. El señor Robles era un militar activo y el matrimonio vivió por veintidós años en puestos militares de las fuerzas armadas de Estados Unidos. El señor Robles se retiró al cabo de esos veintidós años y advino acreedor de una pensión que en la actualidad monta a $878.90 mensuales.

Diez años después del retiro del señor Robles el matrimonio se disolvió. La pensión de retiro había sido hasta entonces la fuente principal de ingresos de los esposos. La sentencia de divorcio se dictó a favor de la señora Victoria Torres Reyes. A pesar de que ella reclamó que se le pagara el 50 por ciento de la referida pensión conforme lo dispuesto por la *Uniformed Services Former Spouses' Protection Act,* Ley Pública 97–252, 96 Stat. 730, 10 U.S.C.A. sec. 1408 (1982), la juez de instancia no dispuso nada sobre el asunto. La señora Torres recurre y alega que debe concedérsele dicha pensión.

El 13 de septiembre de 1984 dictamos orden de mostrar causa por la cual no debía modificarse la sentencia dictada en este caso, a fin de disponer el pago a la recurrente de una pensión alimenticia montante hasta un 50 por ciento de la pensión disfrutada por el recurrente, sin menoscabo de los ajustes, si algunos, a que se tenga derecho en procedimientos ulteriores. El demandado recurrido no ha comparecido. El derecho de la señora Torres a percibir hasta el 50 por ciento de la pensión devengada por su ex esposo por razón de retiro es evidente. Véase el historial legislativo de la ley en Ley de

8 de septiembre de 1982, Ley Pública 97-252, 1982 U.S. Code Cong. & Ad. News (96 Stat.) 1555-1640.

█ La referida ley federal se debió precisamente a la decisión en *McCarty* v. *McCarty*, 453 U.S. 210 (1981), en que el Tribunal Supremo de Estados Unidos resolvió que no se puede ordenar la división de una pensión que no es por incapacidad como parte de los bienes comunes en un procedimiento de divorcio. La nueva ley federal, la cual se aplica expresamente a Puerto Rico, Sec. 1408(a)(1)(A), deja sin efecto esa decisión y también, en lo que respecta a las pensiones a las que se aplica la ley federal referida, la regla de *Maldonado* v. *Tribunal Superior*, 100 D.P.R. 370 (1972), donde se estableció que el derecho a una anualidad o pensión es personalísimo del pensionado y que una vez se disuelve el matrimonio, la pensión le pertenece exclusivamente a quien la está devengando.

La sentencia dictada en este caso debió ordenar el pago de la porción correspondiente de la pensión, requisito necesario para que aplique la ley federal, la cual instruye al Secretario de las Fuerzas Armadas a pagarle directamente al cónyuge lo que se disponga en el decreto judicial.

En vista de lo anterior, *se expedirá el auto, se revocará la sentencia recurrida y se ordenará el pago a la recurrente en calidad de pensión alimenticia del 50 por ciento de la pensión disfrutada por el recurrido, sin menoscabo de los ajustes, si algunos, a que éste tuviese derecho en procedimientos ulteriores.*

El Juez Asociado Señor Rebollo López concurre en el resultado sin opinión.