LEOPOLDO DELUCCA ROMÁN, demandante y recurrente *v.* OLGA M. COLÓN NIEVES, demandada y recurrida.

*Número:* RE-86-293       *Resuelto:* 25 de noviembre de 1987

*Erick E. Kolthoff Benners,* abogado del recurrente; *Kenneth B. La Quay Rebollo,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

Surge nuevamente ante la consideración de este Tribunal si la pensión bajo el *Uniformed Service Former Spouses Protection Act,* (U.S.F.S.P.A.), 10 U.S.C. sec. 1408, al liquidarse la Sociedad Legal de Gananciales, se considera como un bien privativo de uno de los cónyuges o un bien ganancial sujeto a división entre ambos. Contrario a lo resuelto en *Torres Reyes* v. *Robles Estrada,* 115 D.P.R. 765 (1984), después de analizar cuidadosamente el historial legislativo de la mencionada ley y nuestra jurisprudencia resolvemos que este tipo de pensión es de carácter privativo.

El Sr. Leopoldo Delucca Román, el recurrente, y la Sra. Olga M. Colón, la recurrida, contrajeron matrimonio el 20 de diciembre de 1950 y disolvieron su vínculo matrimonial mediante sentencia dictada el 7 de septiembre de 1978. En dicha sentencia se dispuso sobre la patria potestad, custodia, pensión alimenticia y relaciones paterno filiales del hijo menor que procrearon las partes. Allí nada se dispuso sobre los bienes de la Sociedad Legal de Gananciales cuya liquidación se reclamó en este litigio.

El recurrente fue miembro de las Fuerzas Armadas de Estados Unidos desde el 1ro de julio de 1949 hasta el 15 de abril de 1985, fecha cuando se acogió a los beneficios de retiro de las Fuerzas Armadas.

En el mes de agosto de 1984, el recurrente presentó una demanda de Liquidación de Sociedad de Gananciales ante el Tribunal Superior de Puerto Rico, Sala de San Juan. La recurrida contestó la demanda y reconvino. Durante la conferencia con antelación al juicio, la parte recurrida presentó su derecho a parte de la pensión por retiro del recurrente bajo lo dispuesto en el U.S.F.S.P.A., 10 U.S.C. sec. 1408. El tribunal de instancia dictó sentencia parcial a favor de la Sra. Olga M. Colón Nieves a quien se le reconocía su derecho al cincuenta por ciento (50%) de la pensión por retiro del señor Delucca Román, ya que la misma se consideraba como un bien ganancial.

Recurre ante este Tribunal el señor Delucca Román y señala los siguientes errores:

■ Erró el Tribunal al determinar que bajo las leyes y jurisprudencia de Puerto Rico, tenga aplicación en nuestra isla el Uniformed Services Former Spouses Protection Act, 10 U.S.C. [sec.] 1408.

■ Erró el Tribunal al resolver que habiéndose disuelto el matrimonio entre las partes en el 1978 le sea[n] de aplicación a la demandada-recurrida los beneficios del Uniformed Services Former Spouses Protection Act, 10 U.S.C., [sec.] 1408, aprobada el día 1 de febrero de 1983 y efectiva al 25 de junio de 1981.

■ Erró el Tribunal al computar en un Cincuenta Porciento (50%) los beneficios de la pensión atribuibles como gananciales a la demandada. Recurso de Revisión, págs. 2-3.

Expedimos auto de *certiorari* para revisar la sentencia parcial.

■ Alega el recurrente en su primer señalamiento de error que erró el tribunal de instancia al determinar que bajo las leyes y la jurisprudencia de Puerto Rico tenga aplicación en nuestra isla el U.S.F.S.P.A., *supra*. Esa ley expresamente incluye a Puerto Rico al definir cuáles son los tribunales competentes. La Sec. 1408(a)(1)(A) dispone que:

> Sec. 1408. *Payment of retired or retainer pay in compliance with court orders*
>
> (a) In this section:
>
> (1) "Court" means—
>
> (A) any court of competent jurisdiction of any State, the District of Columbia, the Commonwealth of Puerto Rico, Guam, American Samoa, the Virgin Islands, the Northern Mariana Islands, and the Trust Territory of the Pacific Islands....

Ya que hemos visto que el U.S.F.S.P.A., *supra*, le es aplicable a Puerto Rico, veremos cuál es el derecho sustantivo aplicable para este tipo de pensión. El U.S.F.S.P.A., 10 U.S.C. sec. 1408(c)(1), dispone lo siguiente:

> Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

■ La antes citada sección de la Ley U.S.F.S.P.A. fue creada para permitir a los tribunales estatales aplicar la ley estatal, y así revocar legislativamente la doctrina federal que existía, establecida en el caso de *McCarty* v. *McCarty*, 453 U.S. 209 (1981). La Sec. 1408(c)(1) del U.S.F.S.P.A. no impone una forma específica de cómo ha de tratarse esta pensión en las jurisdicciones en que se le

aplica.[1] En dicha sección se permite tanto que la pensión se considere como propiedad solamente del miembro de las Fuerzas Armadas o como propiedad de éste y su esposa, según la jurisdicción de la corte que esté viendo el caso.

Antes de que el Congreso legislara sobre el pago de este tipo de pensión, la ley era el caso de *McCarty* v. *McCarty*, supra, pág. 221, que disponía que: "that such military retirement benefits belonged exclusively to the military spouse and could not be treated as community property under state law". O sea, que se consideraba esta pensión militar como un bien privativo siempre. Al Congreso legislar la regla cambia. *Koenes* v. *Koenes*, 478 N.E.2d 1241, 1242 (Ind. App. 1st Dist. 1985), resuelve que: "the act does not require division of military retirement funds. The act *permits*, but *does not command*, state courts to consider military retirement benefits as marital property". (Énfasis suplido.)

El historial legislativo de la Sec. 1408(c)(1) es claro en cuanto al objetivo que perseguía la ley.

> Subsection (c) of section 1408 sets forth several conditions and limitations applicable to court orders served and payments made pursuant to section 1408. Paragraph (1) of subsection (c) provides that, subject to the other limitations of section 1408, a court, as defined by paragraph (1) of subsection 1408(a), may treat the disposable retired or retainer pay payable to a member for pay periods beginning on or after June 26, 1981, either as solely the property of the member or as the property of the member and the member's spouse, depending on the law applicable to the court in question. The purpose of this provision is to place the courts in the same position that they were in on June 26, 1981, the date of the *McCarty* decision, with respect to treatment of

---

[1] Este inciso no fue objeto de consideración expresa en la opinión de *Torres Reyes* v. *Robles Estrada*, 115 D.P.R. 765 (1984).

non-disability military retired or retainer pay. *The provision is intended to remove the federal pre-emption found to exist by the United States Supreme Court and permit State and other courts of competent jurisdiction to apply pertinent State or other laws in determining whether military retired or retainer pay should be divisable.* Nothing in this provision requires any division; it leaves that issue up to the courts applying community property, equitable distribution or other principles of marital property determination and distribution. This power is returned to the courts retroactive to June 26, 1981. This retroactive application will at least afford individuals who were divorced (or had decrees modified) during the interim period between June 26, 1981 and the effective date of this legislation the opportunity to return to the courts to take advantage of this provision. (Énfasis suplido.) S. Rep. No. 502, 97th Cong., 2d Sess. 16 (1982), 1982 U.S. Code Cong. & Admin. News 1555, 1611.

Desde que se puso en vigor esta sección de la ley que se hizo retroactiva al 25 de junio de 1981, surgieron varios casos, los cuales le brindaron a diferentes jurisdicciones la oportunidad de interpretarla. La mayoría de las jurisdicciones parecen coincidir en que la intención legislativa era dejar en manos del Estado este tipo de decisiones. En *Casas* v. *Thompson*, 720 P.2d 921, 929 (Cal. 1986), el Tribunal Supremo de California se expresa de la siguiente manera:

We note a basic proposition: "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." (*Ex Parte Burrus* (1890) 136 U.S. 586, 593–594, 10 S.Ct. 850, 852–53, 34 L.Ed. 500.) That Congress was aware of this principle and intended that state laws apply to the characterization of military pensions as community property is made abundantly clear by the legislative history surrounding the enactment of FUSFSPA.

El efecto de la Sec. 1408(c)(1) fue dejar a los tribunales aplicar la ley local y emitir decisiones compatibles con la jurisprudencia anterior a *McCarty* v. *McCarty*, supra.

*Savoie* v. *Savoie,* 482 So. 2d 23 (La. App. 5to Cir. 1986); *Simmons* v. *Simmons,* 453 So. 2d 631 (La. App. 3er Cir. 1984); *Koppenhaver* v. *Koppenhaver,* 678 P.2d 1180 (N.M. App. 1984); *Walentowski* v. *Walentowski,* 672 P.2d 657 (N.M. 1983).

Recientemente en *Rose* v. *Rose,* 95 L. Ed. 2d 599, 607 (1987), se señaló que:

> ... "On the rare occasion when state family law has come into conflict with a federal statute, this Court has limited review under the Supremacy Clause to a determination whether Congress has 'positively required by direct enactment' that state law be preempted." *Hisquierdo,* supra, at 581, 59 L. Ed. 2d 1, 99 S. Ct. 802, quoting *Wetmore* v. *Markoe,* 196 U.S. 68, 77, 49 L. Ed. 390, 25 S. Ct. 172 (1904). Before a state law governing domestic relations will be overridden, it "must do 'major damage' to 'clear and substantial' federal interests." *Hisquierdo,* supra, at 581, 59 L. Ed. 2d 1, 99 S. Ct. 802, quoting *United States* v. *Yazell,* 382 U.S. 341, 352, 15 L. Ed. 2d 404, 86 S. Ct. 500 (1966).

Es por lo anteriormente dicho que en Puerto Rico el derecho sustantivo local es el aplicable cuando lo que está en controversia es si la pensión de retiro que le conceden las Fuerzas Armadas a sus miembros se considera como un bien privativo del miembro o un bien ganancial de la sociedad de gananciales constituida por éste y su cónyuge. En Puerto Rico ya esta controversia había sido resuelta. En un caso como el que tenemos ante nuestra consideración, resolvimos que la pensión de retiro era de carácter privativo; *Maldonado* v. *Tribunal Superior,* 100 D.P.R. 370, 375 (1972):

> La doctrina considera que la naturaleza personalísima de estas anualidades determinan su carácter privativo. Se trata de créditos *intuitu personae*—esto es en consideración a la persona—que, por su propia naturaleza, están excluidos de la masa común.

■ Más adelante en la misma opinión señalamos que "hay ciertos bienes que se consideran privativos porque repugnan, por su naturaleza misma, a toda puesta en comunidad. La repugnancia, explica, puede atribuirse bien a la incesibilidad del crédito o a su carácter personal. Entre estos créditos menciona específicamente las pensiones por retiro".(2) La doctrina establecida en *Maldonado* v. *Tribunal Superior*, supra, fue reafirmada posteriormente en *Rosa Resto* v. *Rodríguez Solís*, 111 D.P.R. 89, 92 (1981), donde apuntamos que:

El derecho a pensión de retiro por años de servicio del empleado público tiene un respetable contenido ético y moral y constituye un seguro de dignidad para el hombre o la mujer que habiendo dedicado al servicio público sus años fecundos, no debe encontrarse en la etapa final de su vida en el desamparo, o convertido en carga de parientes o del Estado. *Román Mayol* v. *Tribunal Superior*, 101 D.P.R. 807, 811 (1973).(3)

---

(2) En la Exposición de Motivos de la Ley Núm. 21 de 28 de abril de 1980, se señala el por qué los beneficios y aportaciones del Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica de Puerto Rico son derechos personales del empleado.

"El Artículo 24 de la Ley Núm. 447 de 15 de mayo de 1951, según enmendada, Ley de Sistema de Retiro de los Empleados del Gobierno de Puerto Rico, dispone que los beneficios y derechos del empleado bajo el mismo, derivado de sus aportaciones, *es derecho personal del empleado;* también dispone que dichos beneficios no son embargables. Esta disposición protege la estabilidad del Sistema al evitar que los fondos estén sujetos a las eventualidades de liquidaciones de sociedad de bienes gananciales de sus participantes y protege la seguridad de las pensiones." (Énfasis suplido.) 1980 Leyes de Puerto Rico 70, 71.

(3) En *Sánchez* v. *A.S.R.E.G.J.*, 116 D.P.R. 372, 378 (1985), citamos con aprobación a *Román Mayol* v. *Tribunal Superior*, 101 D.P.R. 807, 811 (1973), utilizando el siguiente lenguaje:

" ... Como señaláramos en *Román Mayol* v. *Tribunal Superior*, 101 D.P.R. 807, 811 (1973), es 'una retribución final y bien ganada por el empleado público que honrando una vocación de servicio, que en muchas ocasiones conlleva sacrificio y renuncia de bienes materiales, dedica los años fructíferos de su vida al bien común'. Es, no un acto de recompensa, sino 'una obligación moral del estado'."

█ Esta fue la doctrina, incluso para casos de pensiones de retiro de las Fuerzas Armadas, hasta que en 1983 decidimos el caso de *Torres Reyes* v. *Robles Estrada*, supra, a los efectos de que la pensión de retiro militar era de carácter ganancial y por lo tanto sujeta a división cuando se establece en proceso de liquidar la sociedad legal de gananciales. Es cierto, como se expresa en la opinión, que con la creación de la ley federal 10 U.S.C. sec. 1408 se quiso revocar legislativamente el caso de *McCarty* v. *McCarty*, supra, donde se obligaba a los estados a considerar este tipo de pensión como privativa. Pero la misma ley federal en su Sec. 1408(c)(1) permite a los tribunales estatales aplicar la doctrina vigente en cada uno de los estados, ya sea que la pensión pertenecía sólo al miembro de las Fuerzas Armadas o a la sociedad de gananciales constituida por éste y su esposa. En Puerto Rico la doctrina para la fecha de esta legislación, que se hacía retroactiva al 25 de junio de 1981, era que la pensión de retiro pertenecía a la persona a quien se le concedía por los años de servicio que ésta había prestado, por lo tanto era de carácter privativo.[4]

█ Es por estas razones que, después de analizar el derecho aplicable en esta situación, reintegramos la norma que prevalecía antes del caso de *Torres Reyes* v. *Robles Estrada*, supra, el cual queda expresamente revocado. Contrario a lo allí resuelto la legislación federal no ocupó el campo ni mucho menos nos obligaba a apartarnos de la sabia norma de *Maldonado* v. *Tribunal Superior*, supra, y su progenie.

*Se dictará sentencia para revocar la de instancia y declarar los derechos de las partes en forma compatible con lo aquí expuesto.*

---

[4] Por haber llegado a la conclusión de que la pensión de retiro es de carácter privativo, resulta innecesario discutir los restantes errores señalados.

El Juez Asociado Señor Negrón García concurre en el resultado sin opinión escrita. El Juez Asociado Señor Rebollo López se inhibió.