Present:  Hassell, C.J., Keenan,[1] Koontz, Lemons, Goodwyn, and Millette, JJ., and Russell, S.J.

LOUISE B. GILLIAM

OPINION BY
SENIOR JUSTICE CHARLES S. RUSSELL

v.  Record No. 090958

April 15, 2010

ARTHUR L. MCGRADY

FROM THE COURT OF APPEALS OF VIRGINIA

This appeal from a decree in an equitable distribution proceeding presents a question concerning the presumptions and burden of proof applicable to the apportionment between husband and wife of debts incurred during marriage.

Facts and Proceedings

Louise B. Gilliam (wife) and Arthur L. McGrady (husband) were married in 1990 and separated in 2005.  Both were employed when they married, but the husband lost his job in 1999 and, with his wife's agreement, decided to open his own business as a painting contractor.  In 2000, he formed Premier Painting, LLC, which he operated until 2004.  The husband was solely responsible for the operation of the business and had the sole authority to sign checks.  He refused to discuss business affairs with his wife, telling her that she had no business sense.

---

[1] Justice Keenan participated in the hearing and decision of this case prior to her retirement from the Court on March 12, 2010.

In the first year of Premier Painting's operation, the wife became aware that the husband owed the Internal Revenue Service unpaid payroll taxes.[2]  She told him repeatedly that he must pay the taxes, but he responded that he could not afford to pay them and that she had no business sense.  Although the wife raised this question with him at least monthly, the taxes remained unpaid.

The husband decided to close Premier Painting in 2004.  During the years of its operation, the business produced net revenue of approximately $214,000.  From this revenue, the husband transferred approximately $53,350 to the wife's checking account to be used for household expenses.  The husband testified that he had also paid some household expenses directly from his business account.

Both parties were aware that they were living beyond their means and each considered the primary cause of their financial problem to be unnecessary expenses incurred by the other party.  By October 2006, the husband owed the IRS $118,287.69 in unpaid trust fund taxes, penalties and interest.  He also owed $103,820 for his unpaid personal

---

[2] Employers are required by federal law to withhold federal income taxes and social security taxes from employees' wages as "a special fund in trust for the United States." Such withholdings are called "trust fund taxes."  Slodov v. United States, 436 U.S. 238, 243 (1978).

federal income taxes and $13,969.36 for his unpaid Virginia income taxes.[3]

In October 2006, the wife filed a complaint for divorce and equitable distribution of the couple's property in the Circuit Court of Albemarle County, based on a one-year separation. At the trial, the principal issue was the wife's liability, if any, for the unpaid trust fund taxes, including penalties and interest, incurred by Premier Painting during its years of operation. The circuit court ruled that although there was no specific evidence of where the money saved from non-payment of the trust fund taxes went, the court found that both parties had benefited from the non-payment, and that the wife had the burden of showing how and why the debt was incurred and the "purpose of the expenditure [of the proceeds] of the debt." The court ruled that the trust fund taxes, including penalties and interest, were marital debt.[4]

The wife appealed to the Court of Appeals presenting only the questions whether the circuit court had erred in holding that the trust fund taxes were marital debt and that the wife

---

[3] The income taxes are not involved in this appeal. The parties had been filing separate income tax returns since 2001.

[4] Because the wife had made efforts to secure payment of the trust fund taxes as early as 2001, the court ordered the husband to pay 65% of the penalties and interest due; the wife to pay 35%. The principal amount of the taxes due was to be divided equally between the parties.

had the burden of proving that they were not. A panel of the Court of Appeals, in a unanimous published opinion, held that the circuit court did not err in placing the burden of proof on the wife, further ruling that debt should be treated like property, subject to a statutory presumption that it is marital unless one party carries the burden of proving that the debt is separate. The Court's opinion states:

> While the statute only creates a presumption for "all property" acquired during the marriage, we see no principled reason why the presumption should not apply to debt acquired during the marriage. Property and debt are both components of an equitable distribution award.

Gilliam v. McGrady, 53 Va. App. 476, 483, 673 S.E.2d 474, 478 (2009). Although the Court of Appeals approved the circuit court's ruling with respect to the burden of proof, its final order reversed the case in part, holding that the circuit court had erred in failing to properly consider the statutory factors required to classify the trust fund tax debt. The Court remanded the case to the circuit court "to consider the purpose of the trust fund tax debt, as well as who benefited from it, in order to classify that debt as marital or separate . . . ." Id. at 488, 673 S.E.2d at 480. We awarded the wife an appeal.

4

The wife assigns no error to that part of the opinion of the Court of Appeals that reverses the circuit court's judgment for failure to give proper consideration to the statutory factors required to classify the debt. We agree with the reasoning of the Court of Appeals explaining that ruling and, for the reasons stated in the opinion of the Court of Appeals, we will affirm that part of its order remanding the case to the circuit court for proper consideration of those factors. Accordingly, we will confine our consideration to the questions of presumptions and burden of proof. Because these are pure questions of law concerning statutory interpretation, we review them de novo. Antisdel v. Ashby, 279 Va. 42, 47, 688 S.E.2d 163, ___ (2010).

The equitable distribution statute, Code § 20-107.3, provides for the classification, in matrimonial causes, of assets and debts differently. Code § 20-107.3(A) empowers the circuit courts to determine the legal title to property between spouses, to determine its ownership and value, and to classify property as marital or separate property in accordance with the detailed rules set forth in subsection (A)(3) of that statute. Subsection (A)(2) of the statute expressly creates a presumption that all property acquired by either spouse during marriage is marital property and places

5

the burden of proving otherwise on the party claiming that it is separate property.

There is a marked contrast between that treatment of assets and the legislative prescription, in the same statute, for the apportionment of debts in an equitable distribution proceeding.  Code § 20-107.3(C) provides in pertinent part:

> The court shall also have the authority to apportion and order the payment of the debts of the parties, or either of them, that are incurred prior to the dissolution of the marriage, based upon the factors listed in subsection E.

Subsection (E) provides, in pertinent part:

> [T]he apportionment of marital debts, and the method of payment shall be determined by the court after consideration of the following factors:
>
>                      . . . .
>
> 7. The debts and liabilities of each spouse, the basis for such debts and liabilities, and the property which may serve as security for such debts and liabilities;
>
>                      . . . .
>
> 11. Such other factors as the court deems necessary or appropriate to consider in order to arrive at a fair and equitable monetary award.

The equitable distribution statute contains no provisions creating a presumption or allocating a burden of proof with regard to the apportionment of debts between spouses.

Equitable distribution proceedings ancillary to divorce are entirely creatures of statute, first introduced into the

6

law of Virginia in 1982.  1982 Acts ch. 309; see also Rexrode v. Rexrode, 1 Va. App. 385, 394, 339 S.E.2d 544, 549, (1986).  It is not the function of the courts to add to or amend clear statutory language.  BBF, Inc. v. Alston Power, Inc., 274 Va. 326, 331, 645 S.E.2d 467, 469 (2007); see also Anderson v. Commonwealth, 182 Va. 560, 566, 29 S.E.2d 838, 841 (1944) ("Courts are not permitted to rewrite statutes").  We will assume that the General Assembly chose its language with care and will apply it as written.  Barr v. Town & Country Props., Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990).

In framing Code § 20-107.3, the General Assembly clearly knew how to create a presumption and allocate the burden of proof, having explicitly done just that with respect to assets, in enacting subsection (A)(2).  For policy reasons that can be well imagined, the General Assembly chose to omit parallel provisions with respect to debts, giving to the courts only the general guidance contained in subsection (E)(7) and (11), quoted above.[5]

---

[5] A presumption that all debts incurred during marriage are marital would have a negative effect on the stated legislative goal of "arriv[ing] at a fair and equitable monetary award."  Code § 20-107.3(E)(11).  That effect is clearly illustrated by the circumstances of the present case. The wife had no knowledge of the business affairs of Premier Painting and no means of controlling its non-payment of taxes. Far from condoning or encouraging the husband's failure to pay them, she insisted that they be paid as soon as she became aware of the situation and immediately began filing separate

We conclude that no presumption exists with respect to the classification of debts incurred by spouses during marriage, individually or jointly.  Instead, traditional rules concerning the allocation of the burden of proof apply.  Thus, the party proving that a debt was jointly incurred makes a prima facie showing that the debt is marital, shifting to the party contending otherwise the burden of persuading the court that the debt was separate.  Conversely, proof that a debt was incurred by a single spouse makes a prima facie showing that the debt is separate, shifting to the party contending otherwise the burden of persuading the court that it was marital.  In making its decision, the court will be guided by the factors set forth in Code § 20-107.3(E) "in order to arrive at a fair and equitable monetary award."

## Conclusion

Because the circuit court and the Court of Appeals erred by applying a presumption that the debt to the IRS individually incurred by the husband for unpaid trust fund taxes was a marital debt and in placing the burden on the wife to prove otherwise, we will reverse the judgment of the Court

income tax returns.  Because the husband kept his business affairs secret from her, she had no way of knowing the extent to which the husband's failure to pay taxes may have benefited the family's finances, if at all.  As the circuit court found, there was no specific evidence of where the money went that had been obtained from the husband's non-payment of taxes.

8

of Appeals to that extent.  We will affirm the judgment of the Court of Appeals insofar as it reversed the circuit court's decision for its failure to properly consider the statutory factors for classifying and apportioning the debt.  We will remand the case to the Court of Appeals with direction to remand the same to the circuit court for further proceedings consistent with this opinion.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded.</u>

9