UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Petty and McCullough
Argued at Richmond, Virginia


ROBERT C. DAVID

MEMORANDUM OPINION* BY
v.        Record No. 0653-12-2        JUDGE LARRY G. ELDER
NOVEMBER 20, 2012

CHERI GINA DAVID


FROM THE CIRCUIT COURT OF HANOVER COUNTY
J. Overton Harris, Judge

Charles E. Powers (Batzli Wood & Stiles, P.C., on briefs), for
appellant.

Donald K. Butler (Player B. Michelsen; Butler Armstrong, LLP,
on brief), for appellee.


Robert C. David (husband) appeals the equitable distribution of various assets as part of a

divorce proceeding against Cheri Gina David (wife).  Specifically, husband argues the trial court

erred in finding that (1) debts associated with two different credit cards were marital property

despite being connected to wife's separate business; and (2) the appreciation in value of his

separate brokerage account was attributable solely to his personal efforts during the marriage.

We hold that husband failed to meet his burden of proving the credit card debts were incurred for

a non-marital purpose.  However, the trial court erred in finding that the entire appreciation of

husband's separate property was due to his personal efforts.  Accordingly, we affirm in part and

reverse in part the trial court's equitable distribution of the marital property.[1]

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Because we hold that the trial court erred in classifying the appreciation of the
brokerage account, we do not address husband's third assignment of error that the trial court
erred in failing to value the brokerage account as of the date of the evidentiary hearing.

ANALYSIS

Code § 20-107.3 governs awards of equitable distribution. The trial court must determine "the legal title as between the parties" and "the ownership and value" of all of the parties' property and then classify this property as "marital," "separate," or "part separate and part marital." Code § 20-107.3(A). "After this is done, the court may (1) order the division or transfer, or both, of jointly owned marital property, (2) apportion and order the payment of marital debts, or (3) grant a monetary award to either party." von Raab v. von Raab, 26 Va. App. 239, 246, 494 S.E.2d 156, 159 (1997). The classification and distribution of property "is within the sound discretion of the trial court." Dietz v. Dietz, 17 Va. App. 203, 216, 436 S.E.2d 463, 471 (1993). Thus,

> the trial court's award of equitable distribution will not be reversed "unless it appears from the record that [it] has abused [its] discretion, that [it] has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying [the] resolution of the conflict in the equities."

von Raab, 26 Va. App. at 246, 494 S.E.2d at 159 (quoting Robinette v. Robinette, 10 Va. App. 480, 486, 393 S.E.2d 629, 633 (1990)).

"We review the evidence in the light most favorable to . . . the party prevailing below and grant all reasonable inferences fairly deducible therefrom." Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999). "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (en banc).

A. APPRECIATION IN VALUE

Husband argues the trial court erred in classifying as marital property the appreciation in value of the brokerage account during the course of the parties' marriage. He contends that contrary

to the trial court's ruling, the appreciation was not due to his personal efforts. Husband points out that the documentary evidence demonstrates "very little trading" during the marriage. Further, he avers that wife's evidence did not establish a causal link between his personal efforts and the increase in value of the brokerage account.

Under Code § 20-107.3(A)(1)(i), "all property, real and personal, acquired by either party before the marriage" is separate property. Where separate property has increased in value during the course of the marriage,

> such increase in value shall be marital property only to the extent that marital property or the personal efforts of either party have contributed to such increases, provided that any such personal efforts must be significant and result in substantial appreciation of the separate property.

Code § 20-107.3(A)(3)(a).

> For purposes of this subdivision, the non-owning spouse shall bear the burden of proving that (i) contributions of marital property or personal effort were made and (ii) the separate property increased in value. Once this burden of proof is met, the owning spouse shall bear the burden of proving that the increase in value or some portion thereof was not caused by contributions of marital property or personal effort.

Id.

Here, the evidence establishes that husband owned a stock brokerage account prior to the marriage that was titled in his name. Husband's general practice was to buy shares of stock in small companies that he predicted would grow into large publicly-traded companies. Husband testified that he did "very little trading" because he was more interested in long-term investment than short-term day trading. By contrast, wife testified that husband spent hours researching various companies by looking at financial statements, stock reports, and financial programs, especially during February 2009 and March 2010 when husband was unemployed.

At the time of the parties' marriage on November 16, 2002, the brokerage account was valued at $234,783. The stocks comprising the account were 5,000 shares of Concord EFS Inc., 9,000 shares of Maxwell Technologies Inc., and 20,000 shares of Sun Microsystems Inc. Throughout the course of the marriage, husband acquired stock in various companies including Almost Family Inc. and additional shares of Maxwell Technologies stock. The majority of these stocks performed badly, and husband sold off most of the shares in his portfolio except for Almost Family and Maxwell Technologies. These two companies performed well, and the increase in the value of their stock contributed to the increase in the brokerage account's value. In November 2009, the time of the parties' separation, the brokerage account was valued at $551,521.

Assuming without deciding that husband's research and trading activity constitute "labor, effort, inventiveness, physical or intellectual skill, creativity, or managerial, promotional or marketing activity applied directly to the separate property," Code § 20-107.3(A)(3)(a) (defining "personal effort"), the evidence does not establish that these efforts "result[ed] in substantial appreciation of the separate property," id. The non-owning spouse must prove that the personal efforts were "the proximate cause of 'substantial appreciation' in the value of the [separate] assets." Gilman v. Gilman, 32 Va. App. 104, 121, 526 S.E.2d 763, 771 (2000). The critical factor is whether "value was generated or added by the expenditure of significant personal effort." Moran v. Moran, 29 Va. App. 408, 412, 512 S.E.2d 834, 836 (1999). By contrast, "separate property that has appreciated in value due to forces other than either party's efforts, such as passive appreciation or the personal efforts of others, remains separate property." Congdon v. Congdon, 40 Va. App. 255, 267, 578 S.E.2d 833, 839 (2003).

The evidence here, viewed in the light most favorable to wife, does not show how husband's research and trading activity 'impart[ed] intrinsic value to the [brokerage account] and

materially change[d] the character thereof." Martin v. Martin, 27 Va. App. 745, 756, 501 S.E.2d 450, 455 (1998). The financial documents wife proffered show that the increase in value of the brokerage account was due, in part, to market forces. For example, husband purchased the Maxwell Technologies stock for approximately $178,330. By March 31, 2012, the market value of the stock had risen to $247,800. Wife presented no evidence that indicates husband himself caused the increase in value of these stocks other than selecting the shares to be part of his brokerage account. See Gilman, 32 Va. App. at 121, 526 S.E.2d at 771 ("While Pettus undoubtedly employed intellectual skill in selecting properties to be purchased, the evidence was insufficient to prove that Pettus contributed 'significant' personal effort that was the proximate cause of 'substantial appreciation' in the value of these assets."). By its very nature, the value of the brokerage account depended on the fluctuations of the stock market, and we have made clear that a non-owning spouse is not entitled to a marital interest in the appreciation in value due to passive factors. See, e.g., Rowe v. Rowe, 24 Va. App. 123, 134, 480 S.E.2d 760, 765 (1997) (reversing the trial court's holding that the entire increase in the husband's newspaper stock was due to his personal efforts where the evidence showed that at least a portion of the increase in value was due to the passive factors of population growth and the efforts of a third party). Because it is apparent from the record that at least a portion of the appreciation in value of husband's brokerage account was attributable to passive factors and because wife offered no evidence concerning the extent to which husband's personal efforts resulted in a substantial increase in the value of his separate brokerage account, we hold wife failed to meet her burden of proof. The trial court accordingly erred in classifying the entire appreciation in value as marital property.

Ordinarily, we would remand the matter to the trial court to determine, based on the evidence presented by the parties, the specific portion of the appreciation in value of separate

- 5 -

property that was due to the spouse's personal efforts during the marriage. E.g., Moran, 29 Va. App. at 416-17, 512 S.E.2d at 838 (involving expert testimony identifying passive factors that contributed to the appreciation in value of separate property and drawing conclusions as to the impact of those factors); Rowe, 24 Va. App. at 134, 480 S.E.2d at 765. Here, however, neither party presented expert testimony or other evidence to permit the trial court to calculate that percentage. "[C]onsistent with established Virginia jurisprudence, the litigants have the burden to present evidence sufficient for the court to discharge its duty." Bowers v. Bowers, 4 Va. App. 610, 618, 359 S.E.2d 546, 550 (1987). "Furthermore, '[r]eviewing courts cannot continue to reverse and remand . . . [equitable distribution] cases where the parties have had an adequate opportunity to introduce evidence but have failed to do so. Parties should not be allowed to benefit on review [from] their failure to introduce evidence at trial.'" Id. at 617-18, 359 S.E.2d at 550 (quoting In re Marriage of Smith, 448 N.E.2d 545, 550 (Ill. Ct. App. 1983)). Because wife failed to sustain her burden of proving to what extent husband's personal efforts contributed to the substantial appreciation of his brokerage account, the trial court lacks sufficient evidence to make such a determination on remand. Therefore, we must reverse the equitable distribution award and remand to the trial court for reclassification of the brokerage account consistent with this opinion.[2] See Roy J. Bucholtz, P.C. v. Computer Based Sys., Inc., 255 Va. 349, 355, 498 S.E.2d 231, 234 (1998) ("It is axiomatic that the failure to produce evidence on an issue is held against the party having the burden of proof, not against the party that does not have the burden of proof.").

---

[2] The trial court may reconsider the equitable distribution award in light of the separate classification of the brokerage account if it determines that such classification has a significant impact on the overall distribution of the parties' marital property. See Code § 20-107.3(E); Alphin v. Alphin, 15 Va. App. 395, 403, 424 S.E.2d 572, 576 (1992) ("[A]ny division or award must be based upon the equities and the rights and interests of each party in the marital property.").

## B.  MARITAL DEBT

Husband argues the trial court erred in classifying the debt associated with the Citibank and Bank of America credit cards as marital debt.  Relying on Gilliam v. McGrady, 279 Va. 703, 691 S.E.2d 797 (2010), husband contends he proffered *prima facie* evidence that established the debts as wife's separate debt because the two credit cards are in wife's name and are associated with her separate business.  Husband reasons that because the parties stipulated that their personal businesses were separate property, any expenditure associated with those businesses constitutes separate debt.  Husband avers further that wife failed to meet her burden of proof because she did not provide documentation to support her claim that she used the credit cards on family expenditures.

At the time wife filed the complaint for divorce, Code § 20-107.3(C) required the trial court "to apportion and order the payment of the debts of the parties, of either of them, that are incurred prior to the dissolution of the marriage."[3]  The Supreme Court in Gilliam noted that the "equitable distribution statute contains no provisions creating a presumption or allocating a burden of proof with regard to the apportionment of debts between parties."  279 Va. at 709, 691 S.E.2d at 800.  The Court concluded that

> the party proving that a debt was jointly incurred makes a prima
> facie showing that the debt is marital, shifting to the party
> contending otherwise the burden of persuading the court that the
> debt was separate.  Conversely, proof that a debt was incurred by a
> single spouse makes a prima facie showing that the debt is

---

[3] On March 26, 2011, the General Assembly amended Code § 20-107.3(A) to specify the definitions of separate and marital debt and establish the appropriate burdens of proof.  See 2011 Va. Acts, ch. 655.  The amendment took effect on July 1, 2011.  See Va. Const. art. IV, § 13.  Wife filed for divorce on December 3, 2010.  Thus, although both the evidentiary hearing was conducted and the final decree was entered well after the amendment went into full force and effect, we assume without deciding that the trial court was required to apply the burdens of proof set forth under Gilliam.  See Marion v. Marion, 11 Va. App. 659, 669, 401 S.E.2d 432, 438 (1991) ("As a general rule, laws existing at the time a suit is filed govern the case" in the absence of "legislative intent that [the amendment] apply to pending litigation.").

> separate, shifting to the party contending otherwise the burden of persuading the court that it was marital.

Id. at 710, 691 S.E.2d at 800. The trial court must base its decision on the facts set forth in Code § 20-107.3(E), including the "debts and liabilities of each spouse, the basis for such debts and liabilities, and the property which may serve as security for such debts and liabilities," Code § 20-107.3(E)(7), and "[s]uch other factors as the court deems necessary or appropriate to consider in order to arrive at a fair and equitable monetary award," Code § 20-107.3(E)(11).

Assuming without deciding that husband made a prima facie showing that the debts were separate, the record contains sufficient evidence to support the trial court's finding that such debts were marital. Specifically, wife testified that the credit cards were used to pay for home maintenance, home repairs, groceries, health care, medical expenses, and a jointly-owned vehicle. Husband confirmed wife used her business cards to pay for groceries and family expenses, but could not recall the exact amount. Finally, wife introduced into evidence bank statements that document the expenditures she made for the benefit of the family, including the purchase of a 2004 Navigator using her credit cards to secure a loan. Although the parties conceded that wife's accounting firm was her separate property and a portion of the credit card debt was incurred for the benefit of that business, the income generated by wife's business supported the family, especially during the period of husband's unemployment. In light of this evidence, the trial court did not err in holding that wife met her burden of persuasion that the debts were marital.

CONCLUSION

We hold that the trial court did not err in classifying the credit card debt as marital debt. However, the trial court erred in classifying the entire appreciation in value of husband's brokerage account as marital property. Because wife did not provide any evidence that would permit the trial court to determine the extent the appreciation was due to passive factors, she failed to meet her burden. Thus, the entire account must be classified as separate property. We

therefore instruct the trial court on remand to enter an award which equitably distributes the

marital property in a manner consistent with this opinion.  The trial court's equitable distribution

is affirmed in part, reversed in part, and remanded.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded.</u>