PRESENT: Kinser, C.J., Lemons, Goodwyn, Millette, Mims, and Powell, JJ.

CHERI GINA DAVID

OPINION BY
v. Record No. 122145                JUSTICE S. BERNARD GOODWYN
                                         February 27, 2014
ROBERT C. DAVID


FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether a non-owning spouse, who seeks to establish that an appreciation in value of separate property during marriage is marital property, has the burden of proving that significant personal effort during marriage or marital property proximately caused such appreciation.

Procedural Background

On December 3, 2010, Robert C. David (Husband) filed a complaint in the Circuit Court of Hanover County seeking a divorce from Cheri Gina David (Wife). Among other things, he requested that the court equitably distribute his and Wife's property pursuant to Code § 20-107.3. The court granted Husband's request for a divorce and equitably distributed Husband's and Wife's property and debt.

Husband appealed the circuit court's equitable distribution award to the Court of Appeals because it classified the increase in value of Husband's "Investment/Brokerage Account" (the account) as marital property, although Husband owned the account

before the marriage and both parties agreed that the account was separate property.

In an unpublished opinion, David v. David, Record No. 0653-12-2 (Nov. 20, 2012), the Court of Appeals reversed the circuit court. The Court of Appeals ruled that Wife, the non-owning spouse, had failed to carry her burden of proving that the substantial appreciation in the value of the account, approximately $316,000, was proximately caused by Husband's significant personal efforts during the marriage, and was therefore marital property. Wife appeals.

Facts

Husband and Wife were married on November 16, 2002. Husband owned the account when he married Wife, and at that time, it was worth $234,783.16. Husband and Wife separated in November 2010. At that time, the account was worth $551,521.42.

During the marriage, Husband worked at Prudential Securities as a branch manager, then as a financial advisor and manager before transferring to the development group. He left Prudential Securities to work for the Horse's Mouth, "a company that specializes [in] helping financial advisors." There, he created a program, wrote articles and conducted seminars over the Internet to help financial advisors. After two years at the Horse's Mouth, Husband started his own business and wrote a

book.  For a period of time in 2009 and 2010, Husband was unemployed.

Wife entered into evidence tax information (1099s or tax forms) for the account from every year of the marriage except 2010.  These tax forms detailed Husband's stock trading in the account from 2002 until 2009.  The 1099s indicated that Husband bought or sold stocks in 2003, 2006, 2007, 2008 and 2009 and sold an Exchange Traded Fund (ETF) in 2009.[1]

Wife's deposition was entered into evidence, in which Wife testified that during the marriage "[Husband] spent many hours researching emerging companies" for investment purposes.  Wife admitted to not knowing the exact number of hours spent on these activities.  She also testified that he had twenty to twenty-five years' experience "as an investment broker" and was licensed to trade securities until 2010.  According to Wife, Husband had represented to her during their marriage that he was "really good at the merging market."

On the other hand, Husband testified that he "[does] very little trading" because he is a "long-term investor."  Husband admitted that for a "brief period of time" he had used the account to "hedg[e] against a market crash."  He also testified

---

[1] In 2004 and 2005, although Husband did not buy or sell stock, the 1099s indicate that dividends were reinvested.  It is not clear from the record whether these dividends were automatically reinvested or whether Husband directed the reinvestments.

3

to selling his ETF in 2009 and reinvesting the money.  When repeatedly asked whether he was skilled at stock trading, Husband responded "[n]o," pointed out his tax losses and said, "Knowing what you're doing[] doesn't prohibit you from purchasing stock [that ultimately underperforms]."

The circuit court found that Husband had acquired the account before marriage but that the increase in value during the marriage was marital property because the Husband's personal efforts during the marriage caused the increase in value.  The circuit court awarded Wife half of the amount of appreciation.

In the Court of Appeals, Husband claimed that the circuit court "misapplied the burdens of proof" and that the evidence did not support the circuit court's findings.  Specifically, Husband argued that there was insufficient evidence to support the circuit court's findings 1) that he made significant personal efforts, 2) that the value of the account substantially increased and 3) that his personal efforts proximately caused the increase.

The Court of Appeals held that "the trial court erred in finding that the entire appreciation of husband's separate property was due to his personal efforts." David, slip op. at 1.  Without addressing Husband's argument that the evidence did not support a finding of substantial appreciation or significant personal effort, the court stated, "Assuming without

4

deciding that husband's research and trading activity constitute ['personal effort']" for purposes of Code § 20-107.3(A)(3)(a), Wife failed to satisfy her burden of proof concerning the extent to which the increase in value was due to Husband's personal efforts. Id., slip op. at 4-5. The Court of Appeals reversed the circuit court and remanded the case for reclassification of the account consistent with its opinion. Id., slip op. at 6.

Wife's sole assignment of error states:

> The Court of Appeals erred in finding that Virginia Code § 20-107.3, as amended, requires a non-owning spouse to prove that the personal efforts of a spouse during marriage are the proximate cause of substantial appreciation in the value of an owning spouse's separate assets in order to establish the increase in value as marital property.

## Analysis

Wife argues that the Court of Appeals misinterpreted Code § 20-107.3(A) in holding that Wife had to prove "[H]usband's personal efforts were the proximate cause of the entire increase in the value of the [account]." She maintains that the Court of Appeals' holding is contrary to the plain language of Code §§ 20-107.3(A)(3)(a)(i) and (ii), which only requires the non-owning spouse to prove that personal efforts were made and that the separate property increased in value, after which the burden shifts to the owning spouse to disprove causation.

5

To support her interpretation of Code § 20-107.3(A)(3)(a), Wife cites to legislative history[2] indicating the purpose of a 1991 amendment, which added a burden of proof provision to that subsection. That purpose was to create a presumption of causation upon an initial showing by the non-owning spouse of personal efforts and increase in value and to place the burden of rebutting this presumption on the owning spouse. See 1991 Acts ch. 698.[3] Wife maintains that the Court of Appeals' interpretation of the statute defeats the purpose of the 1991 amendment.

Husband responds to Wife's arguments by insisting that this Court should uphold the Court of Appeals' longstanding interpretation of Code § 20-107.3(A). Husband argues that, pursuant to Court of Appeals precedent, Wife had to prove three elements before the burden of proof shifted to Husband: "(1) significant personal efforts were contributed to the property, (2) a substantial appreciation in the value of the property and

---

[2] Family Law Section of the Virginia State Bar, Report to the Governor and General Assembly: Equitable Distribution of Property in Divorce Proceedings, House Doc. No. 19 (1991), available at http://leg2.state.va.us/dls/h&sdocs.nsf/By+Year/HD191991/$file/HD19_1991.pdf (last visited February 24, 2014). The report was produced and presented to the Governor and the General Assembly in response to a request made in House Joint Resolution No. 57 (1990).

[3] Two other Acts of Assembly also amended Code § 20-107.3 in 1991. See 1991 Acts chs. 632, 640. However, neither affected subsection (A)(3)(a).

6

(3) a causal connection between the personal efforts and the appreciation (i.e., personal efforts were the 'proximate cause' of the appreciation)." Husband claims that the legislative history cited by Wife does not demonstrate an intent for the 1991 amendment of the statute to change the effect of causation language in other parts of the statute.

Questions regarding the evidentiary presumptions and burdens of proof created by Code § 20-107.3 are pure questions of law concerning statutory interpretation, which this Court reviews de novo. See Gilliam v. McGrady, 279 Va. 703, 708, 691 S.E.2d 797, 799 (2010). As we have stated in the past, the Court's main concern in statutory interpretation is to give effect to the legislature's intent as evidenced by the plain meaning of statutory language, "unless a literal interpretation would result in manifest absurdity." Hollingsworth v. Norfolk S. Ry. Co., 279 Va. 360, 366, 689 S.E.2d 651, 654 (2010). Furthermore, the Court has recognized that its duty consists of "constru[ing] the law as it is written." Hampton Roads Sanitation Dist. Comm'n v. City of Chesapeake, 218 Va. 696, 702, 240 S.E.2d 819, 823 (1978).

The purpose of Code § 20-107.3 is to provide for the equitable distribution upon divorce of the parties' property based upon each party's contributions to the marriage. Pursuant to the statute, a court must classify the parties' assets as

7

"marital," "separate" or "part separate and part marital." Code § 20-107.3(A). A court equitably classifies property based upon statutory guidelines, not according to which party holds legal title. Robinson v. Robinson, 46 Va. App. 652, 661, 621 S.E.2d 147, 152 (2005).

Spouses have a right upon divorce to an equitable share of marital property, and Code § 20-107.3 creates a rebuttable presumption that "[p]roperty acquired by either spouse during marriage is marital property." Gilliam, 279 Va. at 708, 691 S.E.2d at 799. On the other hand, when property was acquired before marriage, the statute creates a rebuttable presumption that it is separate property. Code § 20-107.3(A)(1). We have not directly addressed the proper allocation of the burden of proof in determining whether income received from separate property or the increase in value of separate property during the marriage is marital property for purposes of equitable distribution. Cf. Gilliam, 279 Va. at 706, 691 S.E.2d at 798 (resolving a question about the burden of proof for the distribution of debt pursuant to Code § 20-107.3).

Code § 20-107.3(A)(1) states:

Separate property is (i) all property, real and personal, acquired by either party before the marriage; (ii) all property acquired during the marriage by bequest, devise, descent, survivorship or gift from a source other than the other party; (iii) all property acquired during the marriage in exchange for or from the proceeds of sale of separate property,

8

provided that such property acquired during the marriage is maintained as separate property; and (iv) that part of any property classified as separate pursuant to subdivision A 3. Income received from separate property during the marriage is separate property if not attributable to the personal effort of either party. The increase in value of separate property during the marriage is separate property, unless marital property or the personal efforts of either party have contributed to such increases and then only to the extent of the increases in value attributable to such contributions. The personal efforts of either party must be significant and result in substantial appreciation of the separate property if any increase in value attributable thereto is to be considered marital property.

Code § 20-107.3(A)(3)(a) specifically addresses how a court is to classify the appreciation in value of separate property during the marriage, providing in relevant part that:

In the case of the increase in value of separate property during the marriage, such increase in value shall be marital property only to the extent that marital property or the personal efforts of either party have contributed to such increases, provided that any such personal efforts must be significant and result in substantial appreciation of the separate property.

For purposes of this subdivision, the nonowning spouse shall bear the burden of proving that (i) contributions of marital property or personal effort were made and (ii) the separate property increased in value. Once this burden of proof is met, the owning spouse shall bear the burden of proving that the increase in value or some portion thereof was not caused by contributions of marital property or personal effort.

The second paragraph of Code § 20-107.3(A)(3)(a) quoted above, which allocates the burdens of proof, was added to the statute in 1991. 1991 Acts ch. 698.

9

The Court of Appeals has interpreted Code §§ 20-107.3(A)(1) and (3) together to "[establish] a three-tiered burden of proof." Cirrito v. Cirrito, 44 Va. App. 287, 296, 605 S.E.2d 268, 272 (2004). In the first tier, the owning spouse must prove that the property is separate pursuant to subsection (A)(1). Id. This creates a presumption that the increase in value is also separate property. See Martin v. Martin, 27 Va. App. 745, 751, 501 S.E.2d 450, 453 (1998). Here, the parties do not dispute that the account itself is Husband's separate property.

In the second tier, the Court of Appeals has interpreted Code §§ 20-107.3(A)(1) and (3) as placing a burden on the non-owning spouse to prove not only that "(i) contributions of marital property or personal efforts were made and (ii) the separate property increased in value," but also to prove that the personal efforts caused the increase in value. See Cirrito, 44 Va. App. at 296-97, 605 S.E.2d at 272-73; Gilman v. Gilman, 32 Va. App. 104, 120-21, 526 S.E.2d 763, 771 (2000). The Court of Appeals held in this case that Wife failed to meet this burden.

The third tier consists of a burden shift back to the owning spouse to rebut with proof "that the increase in value or some portion thereof was not caused by contributions of marital property or significant personal effort." Martin, 27 Va. App.

10

at 751, 501 S.E.2d at 453; see also Cirrito, 44 Va. App. at 296-97, 605 S.E.2d at 272.

Upon review of the plain language of Code § 20-107.3(A)(3)(a), we conclude that it does not require the non-owning spouse to prove causation. See Code §§ 20-107.3(A)(3)(a)(i) and (ii). Code § 20-107.3(A)(3)(a) does not include causation as an issue upon which the non-owning spouse has a burden of proof, and it explicitly places the burden of disproving causation on the owning spouse. See Code §§ 20-107.3(A)(3)(a) ("[T]he owning spouse shall bear the burden of proving that the increase in value or some portion thereof was not caused by contributions of marital property or personal effort.").

The Court of Appeals' interpretation of Code § 20-107.3(A) adds a requirement to the non-owning spouse's burden not stated in the statute. Courts must not construe the plain language of a statute in a way that adds a requirement that the General Assembly did not expressly include in the statute. Vaughn, Inc. v. Beck, 262 Va. 673, 678-79, 554 S.E.2d 88, 91 (2001) ("[An unintentional result], however, cannot be remedied through judicial construction by imposing a . . . requirement that effectively would add new language to the statute. Any such change to the statute must be a legislative, rather than a judicial, undertaking.").

11

The General Assembly chose to explicitly state that causation must be disproved by the owning spouse after the non-owning spouse satisfies his or her statutorily imposed burden of proof, which does not include causation.  See Code §§ 20-107.3(A)(3)(a)(i) and (ii).  The Court presumes that the legislature has purposefully chosen the precise statutory language, "and we are bound by those words when we apply the statute."  Halifax Corp. v. First Union Nat'l Bank, 262 Va. 91, 100, 546 S.E.2d 696, 702 (2001).  "[W]hen the General Assembly has used specific language in one instance, but omits that language or uses different language when addressing a similar subject elsewhere in the Code, we must presume that the difference in the choice of language was intentional."  Zinone v. Lee's Crossing Homeowners Ass'n, 282 Va. 330, 337, 714 S.E.2d 922, 925 (2011).

Code § 20-107.3(A)(3)(a) indicates that a presumption of causation is created upon the non-owning spouse's satisfying his or her statutorily imposed burden of proof.  Interpreting Code § 20-107.3(A)(3)(a) as creating a burden on the owning spouse to disprove causation is not manifestly absurd.  Cf. Parfitt v. Parfitt, 277 Va. 333, 340, 672 S.E.2d 827, 829 (2009) (explaining the burden shift that occurs in cases involving claims of undue influence after a plaintiff presents evidence of weakness of mind and grossly inadequate consideration,

12

suspicious circumstances or confidential relationship); see also Bass v. City of Richmond Police Dep't, 258 Va. 103, 112, 515 S.E.2d 557, 561-62 (1999) (recognizing a rebuttable presumption of causation created by a workers' compensation statute).[4]

Code § 20-107.3(A)(3)(a) places the burden of disproving causation on the owning spouse, once the non-owning spouse makes a prima facie showing of a spouse's personal efforts during the marriage or the contribution of marital property and an increase in value of the separate property. The plain language of Code § 20-107(A)(3)(a) does not require the non-owning spouse to prove causation. Thus, the Court Appeals erred in assigning the burden to prove causation to Wife and holding that Wife failed to meet that burden. To the extent that the Court of Appeals has in its decisions interpreted Code § 20-107.3(A) in a manner

------

[4] We do not consider the legislative history of a statute if the statutory language is plain and unambiguous. Newberry Station Homeowners Ass'n v. Board of Supervisors, 285 Va. 604, 614, 740 S.E.2d 548, 553 (2013). While it is not necessary to resort to legislative history, we note that the legislative history of Code § 20-107.3(A)(3)(a) is consistent with the Court's ruling today. The report to the General Assembly regarding the 1991 amendment, which added the burden of proof provision to Code § 20-107.3(A)(3)(a), explicitly states, "Once [the non-owning spouse's] burden of proof is met, there [will] be . . . a presumption of 'active' appreciation by presuming a causal nexus between the efforts . . . and the appreciation in value during the marriage." House Doc. No. 19, at 11. The report states that the rationale behind allocating the burden of proof in this manner is that the owning spouse is better-equipped to prove "that the increase in value was due to 'passive' or 'economic' reasons." Id.

inconsistent with the holding we express here, we overrule those portions of any such decisions.

## Conclusion

For the reasons stated above, the Court of Appeals erred in interpreting Code § 20-107.3(A)(3)(a) as placing an initial burden on the non-owning spouse to prove that significant personal efforts or marital contribution caused a substantial increase in the value of separate property. Therefore, the judgment of the Court of Appeals will be reversed, and this case will be remanded to the Court of Appeals for further proceedings consistent with this opinion.

Reversed and remanded.