UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Causey, Chaney and Callins

NORMA A. HUGHES, EXECUTRIX OF THE
  ESTATE OF DAVID L. HUGHES
                                                MEMORANDUM OPINION*
v.         Record No. 1212-23-1                      PER CURIAM
                                                  JANUARY 14, 2025
CITY OF NORFOLK

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Christopher T. Holinger; Davis Law, PLC, on briefs), for appellant.

(Heather A. Mullen, Chief Deputy City Attorney, on brief), for appellee.


This case involves the denial of a claim for benefits filed by Norma Hughes on behalf of her deceased husband with the Virginia Workers' Compensation Commission.  Hughes appealed, and after examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the dispositive issue or issues have been authoritatively decided, and the appellant has not argued that the case law should be overturned, extended, modified, or reversed."  Code § 17.1-403(ii)(b); Rule 5A:27(b).  We affirm.

BACKGROUND[1]

David Hughes worked as a firefighter for the City of Norfolk (the City) for over 28 years, his career culminating at the rank of captain.  He died on August 15, 2019.  Appellant Norma

_____

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] "On appeal from a decision by the Workers' Compensation Commission, this Court views the evidence in the light most favorable to the prevailing party below."  *Loudoun Cnty. v. Richardson*, 70 Va. App. 169, 175 (2019) (citing *Dunnavant v. Newman Tire Co. Inc.*, 51 Va. App. 252, 255 (2008)).

Hughes (Hughes), David's widow and executrix of his estate, filed a claim for death benefits with the Virginia Workers' Compensation Commission. Hughes initially cited "lung disease" as the compensable occupational disease but changed the occupational disease alleged to "lung cancer" in her pre-hearing statement, and at the hearing before the deputy commissioner. The City defended the claim on the ground that David suffered no occupational disease or compensable ordinary disease of life.

Deputy Commissioner Jenkins heard Hughes's claim on August 15, 2022. At the hearing, Hughes stipulated she was "asserting occupational disease/ordinary disease of life of *lung cancer* with the claim for death on the date of August 15th, 2019." (Emphasis added). She further stipulated that she was "[s]trictly pursuing a death claim and those benefits" and was not seeking any benefits for disability before David's death on August 15, 2019. Finally, Hughes conceded that she "c[ould] not prevail for an ordinary disease of life" like lung cancer unless David's illness was found to fall within the statutory presumption that respiratory diseases causing the death or disability of a firefighter are "occupational diseases." Code § 65.2-402(A). The sole testimonial witness at the proceeding was Hughes herself, after which the parties submitted into evidence various medical documents, including a questionnaire by David's treating physician, Dr. Moussa Sissoko, M.D.

The deputy commissioner denied Hughes's claim, finding that "the medical evidence [was] insufficient to prove the claimant was diagnosed with lung cancer or that the alleged lung cancer caused the claimant's death," further noting that David's "treating oncologist . . . opined the claimant 'had adenocarcinoma of *[unknown] origin* with origins being from GI tract or lung'" and that David "had multiple lung masses that *could be metastatic disease alone*, or combination of metastatic disease and primary lung cancer." (Emphases added). "[A]t best," the deputy

commissioner concluded that "the medical evidence establishes the claimant *possibly* had lung cancer;" but he declined to speculate as to that medical question. (Emphasis added).

Following the deputy commissioner's ruling, Hughes's counsel withdrew, and Hughes sought review by the full Commission *pro se*.[2] The full Commission affirmed the deputy commissioner without oral argument on June 13, 2023.[3] Noting that "the claimant ultimately proceeded with a claim alleging an occupational disease of only lung cancer below rather than another respiratory disease," the full Commission considered whether David suffered from lung cancer to be "the sole issue considered below and, therefore, considered on appeal." On that issue, the full Commission "agree[d] with the Deputy Commissioner's assessment of the evidence." The Commission found "[t]he evidence . . . insufficient to prove lung cancer caused [David]'s death," noting that Dr. Sissoko, David's treating oncologist, opined that he had adenocarcinoma of "unknown origin" with "possible origin being from GI tract or lung." Dr. Sissoko had further "explained [David] had multiple lung masses that *could be metastatic*

---

[2] Hughes is again represented by counsel in this appeal. In her request for review, Hughes claimed ineffective assistance of her counsel before the deputy commissioner, alleging that her attorney "fail[ed] . . . to enter into evidence key medical documentation" concerning reduced function and moderate obstruction of the lungs, bronchitis, and an amended death certificate changing the cause of death from "metastatic adenocarcinoma unknown origin" as originally stated, to "respiratory failure." The omitted "documents . . . were substantial to the lung disease claim," Hughes asserted, because they "show[ed] [a] linkage of Plaintiff's work history and work environment with his lung disease," and "[t]he Commission should be entitled to all pertinent medical evidence that shows the correlation of diminished lung capacity to lung disease." Citing Code § 65.2-700, the Commission declined to consider Hughes's claim of ineffective assistance of counsel, finding itself without jurisdiction to adjudicate that issue. The Commission further declined to consider the additional materials that Hughes's counsel had allegedly failed to offer into evidence before the deputy commissioner, finding that the requirements for "reopening of the record h[ad] not been met." *See* Va. Workers' Comp. R. 3.3.

[3] Hughes "request[ed] oral argument and an 'opportunity to speak in front of the full Commission.'" "Considering the issues involved and the complete record developed at the hearing" before the deputy commissioner, however, the full Commission "[found that] oral argument [was] unnecessary and would not be beneficial in this case." *See* Va. Workers' Comp. R. 3.4; *Barnes v. Wise Fashions*, 16 Va. App. 108, 112 (1993).

*disease alone* or a combination of metastatic disease and primary lung cancer" and that David

"died of 'respiratory failure . . . which *could be* from consequences of metastatic disease,

*possible* lung cancer primary *or both*.'" (Emphases added). Thus, the Commission affirmed that

Hughes had not proven her entitlement to benefits under Code § 65.2-402.

## STANDARD OF REVIEW

> "Factual findings of the [C]ommission will not be disturbed
> on appeal, if based on credible evidence." "If there is evidence, or
> reasonable inferences can be drawn from the evidence, to support
> the Commission's findings, they will not be disturbed on review,
> even though there is evidence in the record to support a contrary
> finding."

*King v. DTH Contract Servs.*, 69 Va. App. 703, 711 (2019) (alteration in original) (first quoting

*Roberson v. Whetsell*, 21 Va. App. 268, 271 (1995); and then quoting *Mktg. Profiles, Inc. v. Hill*,

17 Va. App. 431, 435 (1993)). "A question raised by conflicting medical opinion is a question of

fact." *City of Norfolk v. Lillard*, 15 Va. App. 424, 429 (1992) (quoting *Commonwealth v.

Powell*, 2 Va. App. 712, 714 (1986)). This Court "review[s] the [Commission]'s statutory

interpretations and legal conclusions *de novo*." *Nationwide Mut. Ins. Co. v. Estate of Harrison*,

64 Va. App. 110, 114-15 (2014) (quoting *Navas v. Navas*, 43 Va. App. 484, 487 (2004)).

"[W]hether an impairment or condition is a compensable 'disease' is a mixed question of law

and fact that is reviewable on appeal." *A New Leaf, Inc. v. Webb*, 26 Va. App. 460, 466 (1998),

*aff'd*, 257 Va. 190 (1999). "In reviewing such a question, we give the Commission deference in

its role as a fact finder but review *de novo* its 'application of the law to those facts.'" *Jones v.

Crothall Laundry*, 69 Va. App. 767, 778 (2019) (quoting *Rodriguez ex rel. Est. of Rodriguez v.

Leesburg Bus. Park, LLC*, 287 Va. 187, 193 (2014)).

ANALYSIS

The Workers' Compensation Act "provides coverage for impairments arising out of and in the course of employment that fall into one of two categories: (1) 'injury by accident' or (2) 'occupational disease.'" *A New Leaf*, 26 Va. App. at 465 (quoting Code § 65.2-101). Generally, a claimant must prove his entitlement to benefits under the Act. *Paramont Coal Co. Va., LLC v. McCoy*, 69 Va. App. 343, 349 (2018) (citing *Bergmann v. L&W Drywall*, 222 Va. 30, 32 (1981)). *See also Va. Dep't of State Police v. Talbert*, 1 Va. App. 250, 253 (1985) ("[A] claimant has the burden of proving by a preponderance of the evidence that his disease is occupationally related -- that it arose out of and in the course of his employment."). Nevertheless, Code § 65.2-402(A) provides a "presumption" in some circumstances that there is a causal connection between respiratory disease and firefighters. Specifically, "[r]espiratory diseases that cause (i) the death of volunteer or salaried firefighters . . . shall be presumed to be occupational diseases, suffered in the line of duty . . . unless such presumption is overcome by a preponderance of competent evidence to the contrary."[4] Code § 65.2-402(A). "Thus, in order to establish the relevant *prima facie* case necessary to secure the benefit of the presumption in Code § 65.2-402(A), a claimant must prove his occupation as a firefighter and his [death] from a respiratory disease." *Tomes v. James City Fire*, 39 Va. App. 424, 431 (2002) (citing *Lillard*, 15 Va. App. at 427).

A claimant under the Workers' Compensation Act "should not be required to establish [her claim] . . . beyond all reasonable doubt." *Byrd v. Stonega Coke & Coal Co.*, 182 Va. 212, 221 (1944). But she must prove her case by preponderance of the evidence. *Southland Corp. v. Parson*, 1 Va. App. 281, 283-84 (1985). Put another way, she must produce sufficient evidence

---

[4] As Hughes sought only death benefits below, we need not address the portion of the statute dealing with disability.

to enable "the commission[] [to make a] finding . . . based on a 'reasonable probability.'" *Kroger Co. v. Wright*, No. 2348-03-3, slip op. at 4, 2004 Va. App. LEXIS 262, at *7 (June 8, 2004)[5] (quoting *Spruill v. Commonwealth*, 221 Va. 475, 479 (1980)).

That David was a firefighter is uncontested. Rather, the only question before us is whether he suffered from "lung cancer,"[6] triggering the statute's rebuttable presumption. Whether a claimant has suffered from a specific ailment triggering Code § 65.2-402's presumption is a question of fact. *Commonwealth v. Haga*, 18 Va. App. 162, 166-67 (1994). Consequently, we must give deference to the Commission's conclusion on that factual question. *Id.* at 166. That deference applies "despite the fact that there may be evidence to support a contrary finding." *Hoffman v. Carter*, 50 Va. App. 199, 209 (2007) (citing *Watkins v. Halco Eng'g Inc.*, 225 Va. 97, 101 (1983)).

The Commission found that "[t]he evidence [was] insufficient to prove lung cancer caused [David]'s death," noting that Dr. Sissoko opined that David had adenocarcinoma of "unknown origin" with "possible origin being from GI tract or lung." Dr. Sissoko further "explained [David] had multiple lung masses that could be metastatic disease alone or a combination of metastatic disease and primary lung cancer" and that David "died of 'respiratory

---

[5] "[U]npublished opinions may be cited as informative." *Diaz v. Commonwealth*, 80 Va. App. 286, 311 (2024) (quoting *Coffman v. Commonwealth*, 67 Va. App. 163, 172 n.7 (2017)). *See* Rule 5A:1(f).

[6] Hughes also informs us that "[t]he record contains ample evidence of both lung cancer and other respiratory disease, either of which would entitle h[er] to application of the presumption under Code § 65.2-402." Relying on the dissenting opinion in *O'Donoghue v. United Continental Holdings, Inc.*, 70 Va. App. 95, 113 (2019) (Huff, J., dissenting), she argues that we could order relief on either basis, on the ground that Hughes should be able to recover as long as any of the possible mechanisms of David's death are compensable. We are unable to reach this argument. Whatever the possible mechanisms of David's death, Hughes relied exclusively on lung cancer below, and "[a] litigant is not allowed to 'approbate and reprobate'"—which is to say, "a party may not 'in the course of the same litigation occupy inconsistent positions.'" *Matthews v. Matthews*, 277 Va. 522, 528 (2009) (quoting *Hurley v. Bennett*, 163 Va. 241, 252 (1934)).

failure . . . which *could be* from consequences of metastatic disease, *possible* lung cancer primary *or both*.'" (Emphases added). "It is well established that '[a] medical opinion based on a "possibility" is irrelevant [and] purely speculative.'" *Circuit City Stores v. Scotece*, 28 Va. App. 383, 388 (1998) (alterations in original) (quoting *Spruill*, 221 Va. at 479). A "medical expert should . . . formulate an opinion that complies with the burden of reasonable medical certainty." *Westmoreland Coal Co. v. Campbell*, 7 Va. App. 217, 224 (1988). Thus, credible evidence supports the Commission's factual conclusion that Hughes failed to demonstrate that David suffered from lung cancer.

The "Commission found that [Hughes] 'failed to meet [her] burden to prove'" that David died of lung cancer, and "[t]he Commission's findings of fact are conclusive and binding upon us if credible evidence exists in the record to support those findings." *LKQ Corp. v. Morales*, 78 Va. App. 158, 168 (2023); *see also Southland Corp.*, 1 Va. App. at 283. Nevertheless, Hughes argues we should not give deference to the Commission's conclusion and that this Court should rule in her favor as a matter of law instead. She reaches this conclusion via circuitous route. Quoting *Lillard*, she concedes that "[a] question raised by *conflicting* medical opinion is a question of fact." 15 Va. App. at 429 (emphasis added) (quoting *Powell*, 2 Va. App. at 714). But she then immediately quotes *Byrd* for the proposition that "if there is no credible evidence on which the Commission's finding of fact is based, then such finding is not binding upon this court" and "becomes a question of law." 182 Va. at 220. By this juxtaposition—but without citing any supporting authority—she invites the Court to equate the absence of *conflicting* evidence with the absence of *credible* evidence. Continuing her argument, Hughes asserts that a claimant "must prove h[er] case by the preponderance of the evidence" and that a "[p]reponderance means 'the greater weight of the evidence.'" "Implicit in such a standard," she

reasons, "is the idea that there is conflicting evidence on opposite sides of a scale, and one party's quantum of evidence must dispute and ultimately outweigh the other."

But here, both parties relied on Dr. Sissoko's questionnaire and much of the same medical evidence, Hughes argues, so that "[t]he Deputy Commissioner did not need to weigh conflicting or contradictory evidence," but "merely had to view the evidence both sides relied upon, through the lens of the remedial purpose of the Worker's Compensation Act." Based on this, Hughes infers that the Court can treat the question of whether she met her burden under the Act as "a question of law" that we should review de novo. *Byrd*, 182 Va. at 220. Again, relying on *Byrd*, Hughes concludes her chain of reasoning by inviting us to give her the benefit of "[a] strong natural inference"[7] that David died of lung cancer, which in her view "should tip the scale in favor of the claimant." *Id.* at 221. In other words, Hughes asks us not merely to presume that the ailment in David's lungs was occupationally related, as required under the Act, but also to *infer* from that presumption that he died of that ailment. We find this unpersuasive.

First, "an inference cannot be drawn from a presumption," and "[a] verdict resting upon such foundation is not the fruit of evidence, but of conjecture, and cannot be upheld." *Virginian Ry. Co. v. Andrews' Adm'x*, 118 Va. 482, 489 (1916). *See also Doe v. Terry*, 273 Va. 3, 9 (2007)

---

[7] In *Byrd*, a 41-year-old man "in excellent health" died suddenly after nearly eleven hours working coke ovens where he was exposed to abnormally high heat, and his widow sought workers' compensation benefits. 182 Va. at 214. While several doctors testified "that acute heart failure was the *immediate* cause of the death," *id.* at 217 (emphasis added), Dr. Frank E. Handy testified for the claimant that "the excessive heat was probably the *proximate* cause of death," *id.* at 220 (emphasis added). All the doctors "concede[d] that exposure to abnormal heat may, and frequently does, affect the heart," and none averred "that the abnormal heat to which decedent was exposed was *not* a contributing factor in producing the heart attack." *Id.* at 220 (emphasis added). The present case is distinguishable. Here, both sides relied on Dr. Sissoko's questionnaire, and no other doctor presented evidence. Unlike Dr. Handy in *Byrd*, Dr. Sissoko was at best equivocal as to what role lung cancer played in David's death. In *Byrd*, at least one doctor testified that workplace conditions were the proximate cause of the plaintiff's death, and none denied that those conditions were a contributing factor. Here by contrast, the single doctor upon whom the parties rely refused to take a firm position as to whether lung cancer was David's cause of death.

("An inference cannot be drawn from a presumption, but must be founded upon some fact legally established."). Second, Hughes relies on the premise that she and the appellee submitted an identical corpus of evidence. But the record does not support this. To be sure, both parties relied on Dr. Sissoko's questionnaire and some of the same documents. But while the City submitted 11 medical records into evidence, Hughes submitted 23. Thus, the corpus of evidence upon which each party relied was *not* identical.

But even accepting, arguendo, Hughes's premise that the parties did rely on the same evidence, we would still find her reasoning unpersuasive. Our precedents have recognized in various contexts that evidence, contested or not, can be *internally* inconsistent and, therefore, in conflict with *itself*. In *Moore v. Commonwealth*, 254 Va. 184 (1997), for example, the Supreme Court found the evidence insufficient to sustain a criminal conviction where the testimony of the victim was internally contradictory on an element of the offense and thus consistent both with the guilt and innocence of the defendant. *Id.* at 189. And this Court recently reaffirmed the principle that while "[u]ncontradicted testimony should ordinarily be accepted as true," it need not be where it is "somewhat contradictory in itself." *Johnson v. Commonwealth*, No. 0206-21-4, slip op. at 5, 2022 Va. App. LEXIS 257, at *6-*7 (June 28, 2022) (quoting *Servis v. Commonwealth*, 6 Va. App. 507, 525 (1988)).

Finally, our adoption of Hughes's line of reasoning would contravene well-established principles of statutory construction. "In any case involving statutory construction we begin with the language of the statute." *Williams v. Boggess*, 80 Va. App. 569, 575 (2024) (quoting *Appalachian Power Co. v. State Corp. Comm'n*, 284 Va. 695, 705 (2012)). "[C]ourts 'are required to ascertain and give effect to the intention of the legislature, which is usually self-evident from the statutory language.'" *Eley v. Commonwealth*, 70 Va. App. 158, 163 (2019) (alteration in original) (quoting *Armstead v. Commonwealth*, 55 Va. App. 354, 360 (2009)).

Code § 65.2-402(A) states, as relevant here, that "[r]espiratory diseases that cause (i) the death of volunteer or salaried firefighters . . . shall be presumed to be occupational diseases, suffered in the line of duty." "In framing Code § [65.2 402(A)], the General Assembly clearly knew how to create a presumption and allocate the burden of proof, having explicitly done just that with respect to" the question of whether a firefighter's respiratory ailment is an occupational disease. *Gilliam v. McGrady*, 279 Va. 703, 709 (2010). "For policy reasons that can be well imagined, the General Assembly chose to omit [a] parallel provision[]" also presuming that the respiratory ailment caused the firefighter's death. *Id. See also Whiting v. City of Charlottesville Fire & Rescue*, No. 0141-15-4, slip op. at 8-9, 2015 Va. App. LEXIS 243, at *13 (Apr. 11, 2015) (applying *Gilliam* to Code § 65.2-402(B) and (C)).

We recognize that "[t]he Workmen's Compensation Act was adopted for the benefit of employees and their dependents" and that "[i]t should be liberally construed in order to attain the desired results." *Byrd*, 182 Va. at 221. But "that principle [neither] authorizes the courts to amend, alter or extend its provisions, nor . . . requires that every claim asserted be allowed." *Tomes*, 39 Va. App. at 430 (alterations in original) (quoting *Bowden v. Newport News Shipbuilding & Dry Dock Co.*, 11 Va. App. 683, 688 (1991)). To adopt the interpretation that Hughes urges upon us would impermissibly expand the scope of the statute by "invad[ing] the province of the legislature." *Brown v. Commonwealth*, 75 Va. App. 388, 401 (2022) (quoting *Etheridge v. Medical Ctr. Hosps.*, 237 Va. 87, 101 (1989)).

CONCLUSION

We find no basis to disturb the Commission's determination.

*Affirmed.*